UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20483-ALTMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AVIN SEETARAM,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

    COMES NOW, Defendant, AVIN SEETARAM, by and through his undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 7(f), moves this Honorable Court for an order requiring the Government to provide the defense with a more particularized and detailed statement of the allegations asserted against the Defendant in the charging indictment. In support of this motion, the Defendant states the following:

    1.    AVIN SEETARAM has been charged in a five count indictment with the offenses of conspiracy to commit murder for hire, in violation of Title 18 U.S.C. §1958(a); murder for hire, in violation of Title 18 U.S.C. §1958(a) and 2; conspiracy to kidnap for ransom, in violation of Title 18 U.S.C. §1201(a)(1); kidnapping, in violation of Title 18 U.S.C. §1201(a)(1) and 2; and obstruction of justice, in violation of 18 U.S.C. §1503 and 2.

    2.    The murder for hire offenses as set forth in Counts I and II require as an element of proof that the defendant "did… use, and cause another to use, any facility of interstate and foreign commerce, with intent that the murder of S.S. be committed in violation of the laws of the State of Florida…" Similarly, the kidnapping offenses as set forth in Counts III and IV require as an

1

element of proof that the defendant "did use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of this offense."

3. To properly prepare a defense to these charges, Mr. Seetaram needs to know in greater detail the manner in which the defendant used or caused to be used a facility of interstate and foreign commerce in committing each of the above-stated offenses.

## LEGAL ARGUMENT

The Federal Rule of Criminal Procedure 7(f) states that:

"The Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within ten days after arraignment or at a later time if the Court permits. The government may amend the bill of particulars subject to such conditions as justice requires."

The purpose of a bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation." *Id.*

The defendant requests a bill of particulars due to the indictment failing to provide sufficient information in which the defendant can discern the method or manner the government obtains federal jurisdiction on the relevant charges. The barebones allegations of the indictment stating that a facility of interstate and foreign commerce was utilized does not sufficiently apprise the defendant of how the government intends to obtain federal jurisdiction. As the Court is well aware, there are unlimited ways the government can obtain federal jurisdiction through the use of

the interstate commerce clause. The government can rely on the use of a means of transportation, use of the internet, use of a telephone, or some other means in order to establish federal jurisdiction for the murder to hire and kidnapping counts.

Failure to grant a Motion for Bill of Particulars may constitute reversable error where the information sought is essential to the defense, or where the motion seeks to cure the omission from the indictment of details that might enable the defendant to properly prepare his defense. *United States v. Sharpe*, 438 F.3d 1257, 1264 n.3 (11th Cir. 2006) (noting that where an indictment does not "allege in detail the factual proof that would be relied upon at trial", and where the information is essential to the defense, it may be reversable error to deny a motion for a bill of particulars) (citing *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)); *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978) (noting that bare allegation may be enough to survive a motion to dismiss, but a bill of particulars is a vehicle to provide essential information for the defense).

Because of the bare and vague allegations contained in counts I through IV of the indictment, the government has failed to satisfy its obligation to inform Mr. Seetaram sufficiently to allow him to prepare possible defenses to these charges. Furthermore, a bill of particulars would prevent prejudicial surprise at trial. Without the requested information, it is unknown through what means the government intends to prove the defendant used a facility of interstate commerce in order to provide federal jurisdiction for what would normally be a case prosecuted in State court. Because clarification is needed, a bill of particulars is the appropriate method of securing this information. Although the defense does not expect the government to provide a detailed evidentiary explanation of this case, the defendant is entitled to be advised of the specific manner and method the government intends to prove how the defendant used a particular facility of interstate and foreign commerce with its intent to commit murder and/or kidnapping.

WHEREFORE, based upon the foregoing facts and circumstances, the Defendant respectfully requests this Court enter an order requiring the government to provide the defendant a bill of particulars as to the method and manner in which the government seeks to prove that Mr. Seetaram used and/or caused another to use a facility of interstate and foreign commerce in committing and in furtherance of the commission of the relevant offenses

Respectfully submitted,

ROY J. KAHN, P.A.
420 S. Dixie Highway, Suite 4B
Coral Gables, FL 33146
Tel: (305) 358-7400
Fax: (305) 358-7222

/s/ Roy J. Kahn
ROY J. KAHN
Florida Bar No. 224359
rjk@roykahnlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 11TH, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

/s/ Roy J. Kahn
ROY J. KAHN

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20483-ALTMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AVIN SEETARAM,

    Defendant.
_____/

## **ORDER GRANTING MOTION FOR BILL OF PARTICULARS**

THIS CAUSE came before the Court on Defendant's Motion for Bill of Particulars, and this Court having reviewed the record and being otherwise advised in its premises, it is

ORDERED AND ADJUDGED that the Motion is hereby GRANTED. Accordingly, the Government shall provide the following information to the Defendant by _____, 2024:

1. The manner and means used by the Defendant of the particular facility of interstate and foreign commerce as delineated in Counts I and II.

2. What facility and/or instrumentality of interstate commerce was used by the defendant in committing or assisting in the commission of Counts III and IV.

DONE AND ORDERED at Miami Dade, Florida this _____ day of _____, 2024.

                                                                   _____
                                                                   **ROY K. ALTMAN**
                                                                   **UNITED STATES DISTRICT JUDGE**

cc: counsel of record