UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20483-ALTMAN(s)

UNITED STATES OF AMERICA

vs.

SOMJEET CHRISTOPHER SINGH et al.,

        Defendants.
_____/

### GOVERNMENT'S MOTION FOR SEVERANCE OF DEFENDANTS AND REQUEST TO PROCEED TO TRIAL AGAINST SEETARAM FIRST

The United States of America (the "Government") files this Motion for Severance of Somjeet Christopher Singh, Avin Seetaram, Gavin Hunter, Davindra Ramanan, and Michael Jarrett (the "Defendants") and requests to proceed to trial against Avin Seetaram first. Seetaram provided facially incriminating, testimonial, hearsay statements that directly inculpate his co-defendants, and so, they violate the strictures of *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny. All defendants except Seetaram agree to the relief sought.

### FACTUAL BACKGROUND and STATEMENTS AT ISSUE

On November 4, 2023, family members of the Victim, a 36-year-old male, reported him missing to local law enforcement. According to Victim's family and girlfriend, their last contact with Victim was a phone call between him and his girlfriend the evening of November 2, 2023. Victim and his girlfriend briefly spoke but she advised Victim that she would call him back. When she called back, Victim did not answer his phone. Victim did not come home that night and did not report to work the next day. On November 21, 2023, Victim's body was recovered deceased and partially decomposed at the Big Cypress Reservation in the vicinity of Snake Road, in the

Southern District of Florida. A medical examiner determined that Victim's cause of death was a gunshot wound to the head.

The investigation of the Victim's murder led to Singh, Seetaram, and Hunter. Law enforcement made contact with Singh, Seetaram, and Hunter who each provided statements. Seetaram provided three sets of statements that are the subject of this motion. First, on November 21, 2023, Seetaram gave a post-*Miranda* statement. Second, on December 4 and 11, 2023, Seetaram provided statements in the presence of his privately retained counsel. Third, on December 13, 2023, Seetaram testified before a grand jury in the Southern District of Florida (collectively "the statements"). The Government obtained an indictment against Defendants later that day [ECF 17]. The Government brought additional charges in a superseding indictment against Defendants in 2025 [ECF 201].

Seetaram detailed the circumstances surrounding his co-conspirators' stalking, kidnapping, and murder of the Victim. Seetaram identified members of the conspiracy and what role each of them played. Seetaram explained what steps each took in furtherance of the conspiracy as well. Seetaram also identified items and locations of evidence.

## MEMORANDUM OF LAW

Under Rule 14(a), if the joinder of offenses or defendants "appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials[.]" Fed. R. Crim. P. 14(a). *Bruton v. United States*, 391 U.S. 123, 135-36 (1968) held that the Confrontation Clause prohibits using the confession of a non-testifying criminal defendant in a joint trial if the statement directly inculpates a codefendant, even if it may be otherwise admissible against the confessing defendant. *United States v. Hano*, 922 F.3d 1272, 1286 (11th Cir. 2019). The Eleventh Circuit following Supreme Court precedent held that a severance is mandatory where a joint trial leads to the denial

of a Constitutional right. *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004), citing, *Zafro v. United States*, 506 U.S.534 (1993). In *Blankenship*, the court specifically held that "... a defendant's Sixth Amendment right to cross-examination is violated where the court admits into evidence a mutually incriminating confession of a co-defendant who does not take the stand. This Court has repeatedly recognized that, even if given proper limiting instructions, a jury cannot possibly be expected to consider such a confession against only the defendant who made it." *Id.* at 1123, n.24.

    The Government will seek to admit Seetaram's three sets of statements during trial, which if not severed from his co-defendants would violate *Bruton* and its progeny.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: */s/ Abbie D. Waxman*
Abbie D. Waxman
Assistant United States Attorney
Florida Bar No.: 109315
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Tel.: 305-961-9240
Abbie.Waxman@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 1, 2025, I served a copy upon all counsel of record using CM/ECF.

By: *s/Abbie D. Waxman*
Abbie D. Waxman
Assistant United States Attorney