UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20483-ALTMAN

UNITED STATES OF AMERICA,

v.

AVIN SEETARAM,

   *Defendant.*

_____/

ORDER DENYING MOTION
TO CONTINUE TRIAL AND PRETRIAL MOTION DEADLINES

Because it's time for this case to be tried, we **DENY** Defendant Seetaram's Motion to Continue Trial Date and Pretrial Motion Deadline [ECF No. 264].

**BACKGROUND**

The Government filed its Criminal Complaint [ECF No. 1] in this case on November 22, 2023. Since then, we've continued the trial date *four* separate times. *See* First Amended Trial Order [ECF No. 47] (moving the trial date from January 29, 2024, to June 2, 2025); Second Amended Trial Order [ECF No. 154] (moving the trial date to August 25, 2025); Third Amended Trial Order [ECF No. 236] (moving the trial date to September 30, 2025); Fourth Amended Trial Order [ECF No. 253] (moving the trial date to October 14, 2025). The first (and longest) move—from January 2024 to June 2025—was unavoidable: Because the offenses charged in the Complaint were death-eligible, we gave the Defendants an opportunity to prepare their mitigation materials. But we then extended the June 2025 trial date *three more times* (for a total of *134 days*) simply to accommodate the parties' requests and schedules.

We've been especially attentive to the trial schedule in this case because Seetaram recently moved to dismiss his lawyer. *See* Motion to Dismiss Appointed Counsel [ECF No. 246]. We had appointed that lawyer to represent him in May 2024, *see* Paperless Order Appointing CJA Counsel

[ECF No. 96], and later granted Seetaram's motion to allow his learned counsel to continue to represent him—at the public's expense—*even after* the Government announced that it wouldn't seek the death penalty in this case, *see* Order Granting Seetaram's Motion for Appointment of Second Counsel [ECF No. 245]. At the time of Seetaram's motion to dismiss his appointed lawyer, Seetaram was on his *second* appointed attorney because he'd accused his *previous* appointed lawyer of failing to provide copies of discovery, *see Pro Se* Motion to Compel Defense Counsel to Produce Redacted Copies of the Discovery [ECF No. 73], which prompted *that* first lawyer to move to withdraw, *see* Motion to Withdraw as Attorney [ECF No. 94]. Although we denied as frivolous Seetaram's most-recent motion to dismiss his appointed counsel, the issue that motion addressed became moot when Seetaram went out and retained private counsel. *See* Paperless Minutes of August 15, 2025, Motion Hearing [ECF No. 254]. Seetaram's decision to retain private counsel means that he's no longer entitled to *either* his appointed counsel *or* the learned counsel we'd appointed to second-chair his defense. But since the parties had already asked for—and received—*22 months* of trial extensions, we warned Seetaram at a recent hearing that his decision to hire a new lawyer *wouldn't* justify yet another continuance:

> Seetaram's Counsel: I just want to point the Court on notice that I've just been informed that Mr. Seetaram just hired private counsel.
>
> The Court: Okay. Well, trial is happening in a month and a half. It's not getting moved.
>
> Seetaram: Okay.
>
> The Court: You understand that.
>
> Seetaram: Yes.
>
> [ . . . ]
>
> The Court: It's your right to hire whoever you want. But your motion, which I received, to fire your lawyers and to appoint new counsel is denied. Okay? You have not one, but two of the best lawyers in this community appointed for you for free. And I know they're doing a tremendous job for you as I've told you time and time again. They are

> some of the best lawyers I have ever had before me. I've seen both of them try cases. I've seen them fight zealously for their clients both when I was trying cases against [them] and I was annoyed by them and now when they appear before me zealously representing defendants for a lot less money, by the way, than they could be earning—well, right now, no money, right? . . . All of that being said—so your motion is denied, it's a frivolous motion. But, as I said, I did serendipitously, I guess, move your trial to September because I had other things going on and your lawyers asked and everybody seemed to be in agreement. So, that does give you the chance to hire a new lawyer and to have him get up to speed on your case. But your case is going at the end of September. And what I want to tell [your new counsel] whom I know very well, is that he is not coming in and filing a motion for a continuance. Okay?
>
> Seetaram: Okay.
>
> The Court: He is coming in to try this case in a month and a half. All right?
>
> Seetaram: Okay.
>
> The Court: If he doesn't think that's enough time for him to try this case, then he should not take this case. Tell him that from me clearly. And if he doesn't take the case, then you're going with the two excellent fine lawyers you have here. Make sense?
>
> Seetaram: Yes, sir.
>
> The Court: Have I made myself clear about that?
>
> Seetaram: Yes, Your Honor.

Rough Transcript of August 15, 2025, Motion Hearing 1:14–3:23.

Naturally, the very first thing Seetaram's new counsel did was move to continue the trial date and the pretrial-motions deadline, gesturing at the Sixth Amendment and to the "voluminous" discovery in this case:

> 4. Counsel is aware this Court has advised Mr. Seetaram that the Court was not inclined to grant a continuance of the trial date if he were to hire new counsel.
>
> 5. Nevertheless, the Sixth Amendment to the United States Constitution guarantees Mr. Seetaram the right to counsel of choice. Undersigned counsel is Mr. Seetaram's counsel of choice.

3

> 6. Mr. Seetaram is indicted in nine counts of the Superseding Indictment. The potential penalty for four of those counts is mandatory life imprisonment. Since this case involves a death investigation, the discovery is voluminous and it is counsel's understanding that approximately 600 reports have been generated to date.

Motion to Continue ¶¶ 4–6. The Government hasn't yet filed a response to the Motion to Continue, but Seetaram reports that it opposes the motion on the following grounds:

> The Government objects to a continuance of the motion and trial deadlines as well as the trial date. During Mr. Seetaram's hearing[,] he expressed a desire to bring on new counsel. Judge Altman made it clear that the case would not be continued. During that same hearing, the Court extended the motions deadline to afford Mr. Seetaram and his counsel more time to prepare any motions that defense counsel deemed appropriate.

*Id.* ¶ 9 (quoting Government counsel).

### STANDARD

"The Sixth Amendment right to counsel includes the right to counsel of the defendant's choice, but this right is not absolute." *United States v. Price*, 724 F. App'x 923 (11th Cir. 2018) (citing *United States v. Campbell*, 491 F.3d 1306, 1310 (11th Cir. 2007)). "Instead, a defendant is only guaranteed 'a fair or reasonable opportunity' to select the attorney of her choice." *Ibid.* (quoting *United States v. Bowe*, 221 F.3d 1183, 1190 (11th Cir. 2000)). "Courts balance the defendant's right to counsel of choice with 'the general interest in the prompt and efficient administration of justice.'" *Ibid.* (quoting *Bowe*, 221 F.3d at 1190). "In determining whether a denial of continuance deprives a defendant of a 'fair and reasonable opportunity' to choose counsel," we balance several factors, including the "length of the delay," "whether other continuances have been requested and granted," "the inconvenience to all involved in the proceeding," "whether the requested continuance is for a legitimate reason," and "any unique factors." *Ibid.* (citing *Bowe*, 221 F.3d at 1190).

**ANALYSIS**

We conclude with little difficulty that Seetaram's latest request for a continuance should be denied. In fact, our case is strikingly similar to the facts the Eleventh Circuit addressed in *United States v. Coleman*, 256 F. App'x 263 (11th Cir. 2007). The district court there denied a motion to continue where "[the defendant] or his attorney had successfully moved to have his trial continued on two prior occasions, the court had already permitted one of [the defendant]'s attorneys to withdraw, [and] a new attorney would need more than a couple of days to familiarize himself with the case and to prepare for trial[.]" *Id.* at 265. The Eleventh Circuit affirmed. *Id.* at 266.

Here, as in *Coleman*, we've granted numerous continuances, each of which has given Seetaram (and his co-Defendants) more time to prepare for trial. Seetaram's most recent appointed counsel joined the case in May 2024. At the time Seetaram moved to dismiss *him*, that lawyer had represented Seetaram for *442 days*. Again, he was Seetaram's *second* appointed counsel because we'd already allowed Seetaram to fire his *prior* appointed lawyer and get a new one. Counting the learned counsel we'd appointed as second chair at Seetaram's request, Seetaram has now had four total lawyers on this case. On top of that, it's clear from the Motion—particularly its focus on the voluminousness of discovery—that "the length of delay necessary to allow [the] new attorney to familiarize himself with the facts of the case . . . would not [be] a matter of days, but a matter of weeks." *Id.* at 266. A continuance of that length at this late juncture would certainly "inconvenience[ ] the court [and] its docket," *id.* at 266, as well as the Government. Finally, we're troubled that, after a year-and-a-half of appointed representation (at the public's expense), Seetaram retained private counsel less than two months before his scheduled trial. In doing so, he effectively dismissed *two* extremely capable attorneys who were deeply familiar with his case. And, despite our warning that this new attorney shouldn't take the case if he couldn't stick to our deadlines, Seetaram has now requested *yet another* continuance. In

these circumstances, denying Seetaram's requested continuance won't abridge his Sixth Amendment rights.

For these reasons, the Motion to Continue Trial Date and Pretrial Motion Deadline [ECF No. 264] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on September 3, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record