UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20483-ALTMAN

**UNITED STATES OF AMERICA**,

*vs.*

**AVIN SEETARAM**,

      *Defendant.*
_____/

**AMENDED PROTECTIVE ORDER GOVERNING DISCLOSURE OF
<u>SENSITIVE INFORMATION</u>**

      The Defendant, Avin Seetaram, has filed an Agreed Motion To Modify Protective Order [ECF No. 273] ("Motion"). In the Motion, the Defendant asks the Court to modify [ECF No. 58] the original protective order. *Ibid.* Having found good cause, the Court hereby **ORDERS** and **ADJUDGES** as follows:

(1) The Motion [ECF No. 273] is **GRANTED**.

(2) The Government shall disclose to the Defendant sensitive information in its possession as it deems necessary to comply with its discovery obligations.

(3) Counsel for the defense shall possess the material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case.

(4) Employees of defense counsel may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

(5) Defense-contracted third parties providing investigative services, expert analysis, or testimony may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

(6) Counsel for the defendant shall ensure that the defendant, and any third party who obtains

access to the material responsive to the Standing Discovery Order, are provided a copy of the Court's Order. Third parties who obtain access to, or possession of, the material responsive to the Standing Discovery Order shall not retain such access or possession unless authorized by the Court's order. Any third party who obtains access to, or possession of, the material responsive to the Standing Discovery Order shall promptly destroy or return the materials once the third party no longer requires access to, or possession of, the material responsive to the Standing Discovery Order to assist in the preparation of the case.

(7) The Defendant may review and retain discovery materials without defense counsel present only after defense counsel provides the defendant with the properly redacted copies produced by the government in discovery of requested document(s). The defendant shall not disseminate any information contained in the discovery outside of counsel and his investigator.

(8) Defense counsel agrees that, when this case is over, it will destroy (or return to the Government) the discovery it received.[1]

(9) Counsel for the Government and for the defendant shall promptly report any known violations of the Court's order to the Court.

**DONE AND ORDERED** in the Southern District of Florida on September 4, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] The case will be considered over at the conclusion of any appellate and § 2255 proceedings or, if the Defendant doesn't appeal or file a habeas petition, when the period for appealing or filing a habeas petition has expired.