UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20483-RKA

UNITED STATES OF AMERICA,

v.

AVIN SEETARAM,

       **Defendant.**

_____/

**EMERGENCY MOTION TO DECLARE WAIVER OF ATTORNEY-CLIENT PRIVILEGE OR TO STRIKE THE MOTION TO SUPPRESS [ECF. NO. 288[**

COMES NOW, THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, and hereby files this <u>Emergency Motion to Declare Waiver of Attorney-Client Privilege or to Strike Motion to Suppress</u>, and states as follows:

1. Defendant filed a Motion to Suppress statements (motion) [ECF No. 288]. In the motion he claims:

    a. that certain statements were made under the guise of plea negotiations, and

    b. that his attorney told him that giving a statement was "the only way out."

2. The Government cannot plea negotiate directly with a represented defendant, and did not do so in this case. Any statements the defendant can testify to come from, or are based on, what his then lawyer told him.

3. The Government seeks to question, and potentially call to testify, Defendant's prior attorney to discuss the matters raised in the motion, and nothing more.

4. Defendant objects claiming that the motion did not waive any attorney client privilege in any measure, and that the Government must wait until the hearing on the motion to see if Defendant testifies in a way that waives the privilege.

1

5. This is nonsense. The Government cannot prepare a response without knowing all the facts responsive to the issues raised, nor can it prepare for a hearing without the information.

6. The case law is on this matter is in favor of the Government. See United States v. Prebish, 290 F. Supp. 268, 268 (S.D. Fla. 1968). See also Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001). "[A] party waives its attorney-client privilege when [he] injects into [his] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct. Id. Though this is not an ineffective assistance of counsel claim, it is about counsel's assistance—and, apparently, insistence—that the defendant speak to the Government. Johnson's reasoning is still applicable here. Johnson explained that what a § 2255 litigant put at issue waived any privilege that might apply to the contents of his conversations with attorneys regarding those issues. Id. See also Johnson, 256 F.3d at 1179 citing Laughner v. United States, 373 F.2d 326 (5th Cir.1967) ([The attorney-client privilege] may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.

7. The Court should not permit a defendant to use communications with his attorney as a sword in a motion, then as a shield to prevent vetting the claims.

WHEREFORE, the Government moves for the entry of an Order holding

   a. that the motion raises issues that waive attorney-client privilege as to those issues, or

   b. striking the Motion to Suppress.

Respectfully submitted,

JASON A. REDING-QUINONES
UNITED STATES ATTORNEY

          By:    s/ *Michael E. Gilfarb*
                MICHAEL E. GILFARB
                Assistant United States Attorney
                Florida Bar No. 957836
                99 NE 4th Street
                Miami, FL
                Michael.gilfarb@usdoj.gov

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that, on September 22, 2025, I electronically filed the foregoing document onto the Court's CM/ECF system.

                s/ *Michael E Gilfarb*
                Assistant U.S. Attorney