IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                          Case No.:  23-Cr-20483-RKA

AVIN SEETARAM,
        Defendant.
_____/

### *DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO COMPEL INFORMATION FOR COMPETENCY HEARING*

COMES NOW, the defendant, AVIN SEETARAM, and responds to the government's Motion to Compel Information For Competency Hearing as follows:

1. The Court granted in part the government's motion to compel information (ECF-309) and ordered the defense to respond to the government's request for a transcript of sealed *ex-parte* proceedings. The Court should summarily deny this request for several reasons.

2. First, the government cites no case law to support its fishing expedition into sealed proceedings that contain attorney-client and work product privileged information[1].

3. Second, the government does not explain why or provide any support from its

---

[1] Counsel's recent hearing contained both attorney-client privileged information and work product privileged information. This hearing, however is not what the Court wes referring to when it noted *ex-parte* conferences with the Court.

medical expert as to why the medical expert needs to review sealed proceedings in order to opine on whether Mr. Seeteram is competent to stand trial. Typically, the doctor evaluates the defendant in a face to face question and answer session in addition to providing the defendant with standardized testing to form an opinion. The lack of an explanation by the government of how a cold read of a transcript would aid in this process is telling.

4. Third, if the government is eager to have its doctor review interactions with the Court and Mr. Seeteram it can have its doctor review the record of the first appearance which includes a question and answer session with the Court.

5. Fourth, if the Court is inclined to entertain the government's foray into privileged information and the thorny issues that entails, the defense would request the Court do an *in-camera* review of all the sealed transcripts with defense counsel first so counsel has an opportunity to properly object on a hearing by hearing basis so Mr. Seeteram's due process rights are not violated. Alternatively, defense counsel should be given ample time to order the sealed transcripts from the Court reporter so it can review all of the sealed transcripts and lodge specific objections to the government's request so it can properly respond[2]. Undersigned counsel was not present for any of the sealed hearings in this case prior to his appearance in this matter.

---

[2] Undersigned counsel was not present for any of these sealed *ex-parte* proceedings and cannot lodge proper objections without reading the transcripts first. Defense counsel would need some direction from the Court on which proceedings need to be ordered since it is not clear from the record.

WHEREFORE Mr. Seetaram respectfully requests the motion be denied.

Respectfully submitted:

Gennaro Cariglio Jr. P.L.
8101 Biscayne Blvd. Penthouse 701
Miami, Florida 33138
Phone: (305) 899-0438
Fax:    (305) 373-3832

By:

    s/Gennaro Cariglio Jr.
    Gennaro Cariglio Jr.
    Florida Bar Number 51985
    Sobeachlaw@aol.com
    Attorney for the Defendant